DETROIT EDISON COMPANY *v.* DEPARTMENT OF TREASURY

Taxation—Annual Franchise Fee—Public Service Commission—Public Utilities.

> Surplus of a public utility corporation for purposes of determining the annual franchise fee to be paid by the corporation, is controlled by the rules and regulations of the Public Service Commission and, if there is no dispute that a public utility's accounts are kept according to such rules and regulations, absent a showing of fraud or mistake, such accounts must be accepted by the Treasury Department and the utility's franchise fee determined according to them.

Appeal from Ingham, Donald L. Reisig, J. Submitted May 7, 1970. (Calendar No. 12, Docket No. 52,718.) Decided June 2, 1970.

Complaint by the Detroit Edison Company against the Department of Treasury, the Corporation Franchise Fee Division of the Department of Treasury, the State Treasurer, and the Deputy State Treasurer, for a refund of annual franchise fees paid following redetermination. Summary judgment for plaintiff. Leave to appeal prior to decision of the Court of Appeals granted. Defendants appeal. Judgment of circuit court affirmed.

*Fischer, Sprague, Franklin & Ford (Gerald C. Simon* and *Thomas F. Sweeney,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D.*

Reference for Points in Headnote
51 Am Jur, Taxation § 935 *et seq.*

*Dexter* and *Robert J. Taube,* Assistant Attorneys General, for defendants.

PER CURIAM.   This appeal is from a summary judgment in the Ingham Circuit in favor of the Detroit Edison Company determining its franchise fee for the years 1959 thru 1966.

The trial court held that since the Michigan Public Service Commission rules and regulations controlled Edison's method of accounting, absent a showing of fraud or mistake, if Edison's accounts were kept according to such rules and regulations, the books of account must be accepted by the Treasury Department and Edison's franchise fee determined according to them.   Finding no dispute that the books were so kept, the court entered judgment for Edison.

The Treasury Department maintained that whatever the effect of Michigan Public Service Commission regulations requiring or permitting the keeping of accounts in the manner prescribed by the commission for their purpose of regulating rates, the accounting method of Edison in accord therewith should not preclude the Treasury Department from assaying the effect thereof for the purpose of computing the franchise fee.

This wholly tenable position was considered by the trial judge in *Detroit Edison Company* v. *Corporation & Securities Commission* (1962), 367 Mich 104, and his election to reject it in favor of the position urged by Edison that accounting in the Michigan Public Service Commission regulated manner was binding for all purposes was approved by this Court in that case and in *Corporation & Securities Commission* v. *American Motors Corporation* (1967), 379 Mich 531.

We are not persuaded that any good purpose would be served by adopting a different ruling now and accordingly we affirm the judgment entered herein. Costs to plaintiff in all three courts.

T. E. BRENNAN, C. J., and T. M. KAVANAGH, ADAMS and T. G. KAVANAGH, JJ., concurred.

DETHMERS and BLACK, JJ., concurred in the result.

KELLY, J., did not sit in this case.